UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| MICHAEL ANGELO SAPP,<br><br>    Plaintiff,<br><br>v.<br><br>ADA COUNTY MEDICAL DEPARTMENT and DR. STUART CLIVE,<br><br>    Defendants. | Case No. 1:15-cv-00594-BLW<br><br>MEMORANDUM DECISION AND ORDER |

## INTRODUCTION

Pending before the Court are the following motions: (1) Defendant's Motion for Summary Judgment (Dkt. 29); (2) Plaintiff's Motion to Demand Trial (Dkt. 34); and (3) Plaintiff's Motion to Appoint Counsel (Dkt. 33). Also pending before the Court is Defendant's Motion to Seal (Dkt. 30). Having reviewed the filings, the Court finds the matter appropriate for resolution without a hearing. For the reasons described below, the Court will grant Defendant's Motion for Summary Judgment and dismiss Plaintiff's Complaint with prejudice. The Court will also deny Plaintiff's Motions for Trial and to Appoint Counsel. Finally, the Court will grant Defendant's Motion to Seal.

## BACKGROUND

Plaintiff is a prisoner in federal custody at the United States Penitentiary in Victorville, California, who is proceeding pro se in this civil rights action. On December 20, 2015, Plaintiff filed a Complaint pursuant to 42, U.S.C. § 1983, alleging that

Defendants Ada County Medical and Dr. Stuart Clive (Defendant) violated his rights under the Eighth Amendment. *Compl.* at 2, Dkt. 3. Plaintiff alleged *inter alia* that defendants prescribed him an incorrect medication dosage, failed to properly diagnose him, and failed to address his medical needs. *Id.*

On April 18, 2016, the U.S. Magistrate Judge for the District of Idaho ordered Plaintiff to file an amended complaint. *Initial Review Order* at 2, Dkt. 7. On July 22, 2016, Plaintiff filed a motion for relief in order to file an amended complaint, a motion for appointment of counsel, and a proposed amended complaint. *Motion for Relief*, Dkt. 13. On March 27, 2017, the Magistrate granted his motion to file an amended complaint and denied his motion for appointment of counsel without prejudice, on the grounds that his request for counsel was premature. *Order Requiring Am. Compl.* at 4, Dkt. 15. Plaintiff was ordered to file a second amended complaint. *Id.*

On April 10, 2017, Plaintiff filed his second amended complaint, alleging that defendants: (1) prescribed him thyroid medication without performing a TSH test required to determine an appropriate dosage, causing him to experience severe medical side effects as a result; and (2) failed to treat his diagnosed sleep apnea and chronic obstructive pulmonary disease (COPD), causing numerous health problems and physical and mental anguish. *Am. Compl.* at 1-4, Dkt. 16. After reviewing the second amended complaint, the Magistrate found that Plaintiff failed to state a claim against Ada County, but allowed him to proceed against Dr. Clive. *Successive Review Order* at 1, Dkt. 17. On

November 16, 2017, the Magistrate reassigned the case to this Court. *Order of Reassignment*, Dkt. 24; *See Williams v. King*, 875 F.3d 500, 503 (9th Cir. 2017).

On April 6, 2018, Defendant filed a motion for summary judgment. *Mot. Summ. J.*, Dkt. 29. The Court provided notice to Plaintiff of his rights and obligations regarding the Defendant's motion for summary judgment on April 10, 2018. *See Notice to Pro Se Litigants*, Dkt. 32. In response to Defendant's Motion, Plaintiff filed a single document containing his motion demanding a jury trial and his response to Defendant's motion pursuant to Rules 12 and 56. *See Mot. Demand Jury Trial*, Dkt. 34; *Pl.'s Resp.*, Dkt. 35. Plaintiff also filed a renewed motion for the appointment of counsel. *Mot. Appoint Counsel*, Dkt. 33. Defendant did not file any Reply brief.

## LEGAL STANDARD

1.  **Summary Judgment**

Summary judgment is appropriate where a party can show that, as to any claim or defense, "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). One of the principal purposes of the summary judgment "is to isolate and dispose of factually unsupported claims . . . ." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-24 (1986). It is "not a disfavored procedural shortcut," but is instead the "principal tool[ ] by which factually insufficient claims or defenses [can] be isolated and prevented from going to trial with the attendant unwarranted consumption of public and private resources." *Id.* at 327. "[T]he mere existence of some alleged factual dispute between the parties will not defeat an otherwise

properly supported motion for summary judgment." *Anderson v. Liberty Lobby, Inc*., 477 U.S. 242, 247-48 (1986). There must be a genuine dispute as to any *material* fact – a fact "that may affect the outcome of the case." *Id.* at 248.

The evidence must be viewed in the light most favorable to the non-moving party, and the Court must not make credibility findings. *Id.* at 255. Direct testimony of the non-movant must be believed, however implausible. *Leslie v. Grupo ICA*, 198 F.3d 1152, 1159 (9th Cir. 1999). On the other hand, the Court is not required to adopt unreasonable inferences from circumstantial evidence. *McLaughlin v. Liu*, 849 F.2d 1205, 1208 (9th Cir. 1988).

"A party asserting that a fact cannot be or is genuinely disputed must support the assertion by citing to particular parts of materials in the record . . . ; or showing that materials cited do not establish the absence or presence of a genuine dispute." Fed. R. Civ. P. 56(c)(1). Where a party fails to rebut another party's assertion of fact, the court may "consider the fact undisputed for purposes of the motion" and may "grant summary judgment if the motion and supporting materials – including the facts considered undisputed – show that the movant is entitled to it." *Id.* 56(e).

2.  **Qualified Immunity**

The doctrine of qualified immunity "protects government officials from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Pearson v. Callahan*, 555 U.S. 223, 231 (2009) (citations and quotations omitted). Qualified

immunity gives government officials "breathing room to make reasonable but mistaken judgments about open legal questions. When properly applied, it protects all but the plainly incompetent or those who knowingly violate the law." *Ashcroft v. al–Kidd*, 563 U.S. 731, 743 (2011) (citations and quotations omitted).

To determine whether an officer is entitled to qualified immunity, the Court must ask whether the facts alleged, taken in the light most favorable to the plaintiff, show "(1) ... the [official's] conduct violated a constitutional right, and (2) the right at issue was clearly established at the time of the incident such that a reasonable [official] would have understood [his or] her conduct to be unlawful in that situation." *Torres v. City of Madera*, 648 F.3d 1119, 1123 (9th Cir. 2011). Courts may use their discretion deciding which of the two prongs to analyze first. *Mueller v. Auker*, 576 F.3d 979, 993 (9th Cir. 2009).

### A. *Constitutional Violation*

"A prison official violates the Eighth Amendment when he acts with 'deliberate indifference' to the serious medical needs of an inmate." *Snow v. McDaniel*, 681 F.3d 978, 985 (9th Cir. 2012) (citation omitted), *overruled in part on other grounds*, *Peralta v. Dillard*, 744 F.3d 1076, 1083 (9th Cir. 2014). Deliberate indifference exists when an official knows of and disregards a serious medical condition or when an official is "aware of facts from which the inference could be drawn that substantial risk of harm exists," and the official actually draws such an inference. *Farmer v. Brennan*, 511 U.S. 825, 838 (1994). The Ninth Circuit has defined a "serious medical need" as follows:

> [F]ailure to treat a prisoner's condition [that] could result in further significant injury or the unnecessary and wanton infliction of pain; … [t]he existence of an injury that a reasonable doctor or patient would find important and worthy of comment or treatment; the presence of a medical condition that significantly affects an individual's daily activities; or the existence of chronic and substantial pain.

*McGuckin v. Smith*, 974 F.2d 1050, 1059-60 (9th Cir. 1992), *overruled on other grounds*, *WMX Technologies, Inc. v. Miller*, 104 F.3d 1133 (9th Cir. 1997). Differences in judgment between an inmate and prison medical personnel regarding appropriate medical diagnosis and treatment are not enough to establish a deliberate indifference claim. *Sanchez v. Vild*, 891 F.2d 240, 242 (9th Cir. 1989).

"[T]o prevail on a claim involving choices between alternative courses of treatment, a prisoner must show that the chosen course of treatment 'was medically unacceptable under the circumstances,' and was chosen 'in conscious disregard of an excessive risk' to the prisoner's health." *Toguchi v. Chung*, 391 F.3d 1051, 1058 (9th Cir. 2004) (alteration omitted) (quoting *Jackson v. McIntosh*, 90 F.3d 330, 332 (9th Cir. 1996)). Further, while prison officials are deliberately indifferent to a prisoner's serious medical needs "when they deny, delay, or intentionally interfere with medical treatment," their conduct "must constitute unnecessary and wanton infliction of pain before it violates the Eighth Amendment." *Hallet v. Morgan*, 296 F.3d 732, 744 (9th Cir. 2002) (internal quotations and citations omitted). The deliberate indifference standard is "satisfied by showing (a) a purposeful act or failure to respond to a prisoner's pain or possible medical

need and (b) harm caused by the indifference." *Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006) (citation omitted).

### B. *Clearly Established*

The inquiry of whether a right was clearly established "must be undertaken in light of the specific context of the case, not as a broad general proposition." *Saucier v. Katz*, 533 U.S. 194, 201 (2001). "The relevant, dispositive inquiry is whether it would be clear to a reasonable officer that his conduct was unlawful in the situation he confronted." *Id.* at 202 (citing *Wilson v. Layne*, 526 U.S. 603, 615 (1999)). "This is not to say that an official action is protected by qualified immunity unless the very action in question has previously been held unlawful, ... [but] in the light of pre-existing law the unlawfulness must be apparent." *Anderson v. Creighton*, 483 U.S. 635, 640 (1987). "[E]xisting precedent must have placed the statutory or constitutional question beyond debate." *Mullenix v. Luna*, 136 S.Ct. 305, 308 (2015) (citing *Ashcroft*, 563 U.S. at 741). In other words, while the Court is not required to find a case with exactly the same facts, it must identify an existing case where an "officer acting under similar circumstances . . . was held to have violated the Fourth amendment." *White v. Pauly*, 137 S.Ct. 548, 551-52 (2017).

## ANALYSIS

### 1. Defendant's Motion for Summary Judgment

Plaintiff asserts that Dr. Clive was deliberately indifferent to his medical needs, and that his actions resulted in long-term health issues. *Pl.'s Br.* at 1, Dkt. 35. But,

Plaintiff offers only conclusory statements in his brief to support this proposition, and fails to provide any evidence on the record. *Id.* Statements in a brief, unsupported by the record, cannot be used to create a factual dispute. *Barnes v. Independent Auto. Dealers*, 64 F.3d 1389, 1396 n.3 (9th Cir. 1995). Although he argues that a prior grievance proceeding showed deliberate indifference, and refers to medical records submitted therein to support his claim, Plaintiff does not offer any expert analysis of these records, or any explanation for how they demonstrate deliberate indifference. *See id.* Instead, Plaintiff merely asks that his case go to trial, so that material facts may be presented to the factfinder for resolution. *Motion to Demand Trial*, Dkt. 34.

Defendant argues that based on the undisputed facts in the record, he was not deliberately indifferent to Plaintiff's medical conditions, and that the rights Plaintiff asserts are not clearly established.[1] *Def.'s Br.* at 1, Dkt. 29-1. Defendant therefore argues that he is entitled to qualified immunity as a matter of law, and that the Court must grant summary judgment in his favor. *Id.* As a threshold matter, the Court must address whether Dr. Clive is entitled to assert qualified immunity.

"[I]mmunity under § 1983 should not vary depending on whether an individual working for the government does so as a full-time employee, or on some other basis." *Filarsky v. Delia*, 566 U.S. 377, 389 (2012). During Plaintiff's detention at Ada County

---

[1] Not only has Plaintiff failed to offer any evidence in support of his allegations, he has failed to offer evidence to rebut the factual assertions made by Defendant in support of his motion for summary judgment. Thus, the Court will consider the facts offered by the Defendant to be undisputed. *See* Fed. R. Civ. P. 56(e).

Jail, Dr. Clive worked as a part-time employee of the Ada County Medical Department providing medical services to inmates through a professional services agreement. *Dr. Clive Aff.* ¶ 3. As an employee of the Ada County Medical Department, Dr. Clive is entitled to assert qualified immunity. *See Filarsky*, 556 U.S. at 389.

### A. *Constitutional Violation*

Plaintiff claims that Dr. Clive displayed deliberate indifference to his hypothyroidism by placing him on thyroid medication "without performing a TSH blood test to determine the correct dosage to prescribe." *Am. Compl.* at 1-2, Dkt. 16. He claims that he was given an "arbitrarily prescribed dosage" as a result and that he experienced serious side effects including weight gain, dizziness, mood swings, and stomach cramping. *Id*. Further, he claims he attempted to speak to Dr. Clive about his side effects on multiple occasions, "but to no avail." *Id.* Plaintiff has failed to establish that prescribing the medication without performing the blood test constitutes deliberate indifference.

Plaintiff does not allege Dr. Clive in any way delayed, denied, or intentionally interfered with medical treatment for Plaintiff's hypothyroidism. Indeed, Plaintiff admits Dr. Clive treated his hypothyroidism with thyroid medication. *Am. Compl.* at 1, Dkt. 16. He offers no evidence for the assertion made in his complaint that, "any medically licensed doctor knows that [a TSH test] is required before any patient can be issued thyroid medication." *Id.* Nor did he submit any evidence to show that Dr. Clive chose a course of treatment that was in conscious disregard of an excessive risk to Plaintiff's

health. In contrast, Defendant has submitted expert testimony, unchallenged and unrebutted by Plaintiff, that prescribing levothyroxine based on a patient's self-reported diagnosis of hypothyroidism "is an appropriate medical response," and that Dr. Clive's method for determining the dosage was proper. *Dr. Keller Aff.* at 11-12, Ex. 4, Dkt. 29. Based on these undisputed facts, no reasonable jury could find that Dr. Clive's treatment displayed deliberate indifference. Instead, the evidence demonstrates at most that Plaintiff disagreed with his doctor regarding the proper course of treatment. A "difference of opinion does not amount to a deliberate indifference to [plaintiff]'s serious medical needs." *Sanchez* 891 F.2d at 240.

Plaintiff also argues that Dr. Clive was deliberately indifferent to a serious medical need by failing to treat his sleep apnea and COPD. *Am. Compl.* at 3, Dkt. 16. Plaintiff alleges that when he told Dr. Clive about these issues, Dr. Clive responded, "there is nothing I can do about the sleep apnea and COPD." *Id.* Plaintiff further alleges that he experienced mental and physical anguish from December 2014 until March 2016 because his sleep apnea went untreated. *Id.* Thus, he argues that Dr. Clive displayed deliberately indifference to his serious medical needs because he was aware of Plaintiff's medical condition, and he unnecessarily delayed implementing the prescribed treatment. Plaintiff's allegations are conclusory, however, and are wholly unsupported by the record. Because Plaintiff has failed to offer any evidence in support of his legal conclusions, he has failed to carry his burden to establish that Dr. Clive was deliberately indifferent. *See Toguchi,* 391 F.3d at 1057 (holding that a prisoner must demonstrate that

"the [official] deprived the prisoner of the minimal civilized measure of life's necessities" and that "the [official] acted with deliberate indifference in doing so") (citation and internal quotation marks omitted).

By contrast, Defendant has submitted evidence showing that Dr. Clive's treatment of Plaintiff's sleep apnea was diligent and responsible. Indeed, the record shows that Plaintiff was provided with a CPAP machine to treat is sleep apnea, but that he refused to wear it due to anxiety. *Dr. Clive Aff.* ¶ 21; *Robertson Aff.*, Ex. E. In response, Dr. Clive offered to refer Plaintiff to someone in psychiatry in order to determine if there were medications that might help him with his anxiety in using a CPAP machine. *Id.* In addition, Dr. Clive reviewed Plaintiff's prior medical records from Escambia County jail and noted that the only reference to his sleep apnea was a comment about Plaintiff's refusal to wear a CPAP machine. *Dr. Clive Aff.* ¶ 24; *Robertson Aff.*, Ex. G. Finally, Dr. Clive referred Plaintiff to an otolaryngologist to ascertain whether there were available surgical alternatives for Plaintiff's sleep apnea.[2] *Dr. Clive Aff.* ¶¶ 21-24, 33, Dkt. 29. Thus, the record indicates that not only was the CPAP machine repeatedly offered to Plaintiff, but that Dr. Clive pursued several alternative treatments during Plaintiff's time as a prisoner in Ada County Jail. For these reasons, Plaintiff has failed to establish that Dr. Clive was deliberately indifferent to his sleep apnea and COPD. As such, the Court

---

[2] The otolaryngologist recommended that Plaintiff (1) be evaluated by a pulmonologist; (2) participate in a sleep study; and (3) have a CT scan of his neck's soft tissue. Dr. Clive pursued the first two recommendations; the United States Marshals Office ultimately denied the request for the third "due to lack of medical necessity." *Dr. Clive Aff.* ¶ 28; *Robertson Aff.*, Ex. K.

finds that Plaintiff has failed to establish a constitutional violation and that Defendant is entitled to qualified immunity. Thus, the Court will grant Defendant's motion for summary judgment.

### B. *Clearly Established*

Because the Court has determined that there is insufficient evidence from which a jury could find that a constitutional violation occurred, the Court does not need to address the "clearly established" prong.

### 2. **Plaintiff's Motion to Appoint Counsel**

There is no constitutional right to counsel in a § 1983 action. *Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997), *withdrawn in part*, 154 F.3d 952, 954 n.1 (9th Cir. 1998); *See also Lassiter v. Dept. of Social Services*, 452 U.S. 18, 25 (1981) (holding that prisoners and indigents in civil actions have no constitutional right to counsel unless their physical liberty is at stake). A district court may request an attorney for indigent civil litigants pursuant to 28 U.S.C. § 1915(e)(1) in exceptional circumstances. *See United States v. 30.64 Acres of Land*, 795 F.2d 796, 799-801 (9th Cir. 1986); *Wilborn v. Escalderon*, 789 F.2d 1328, 1330-1331 (9th Cir. 1986) (holding that the decision to appoint counsel for indigent litigants is within the court's discretion and counsel should be appointed in "extraordinary cases"). To determine whether exceptional circumstances exist, the court evaluates both "the likelihood of success on the merits [and] the ability of the petitioner to articulate his claims *pro se* in light of the complexity of the legal issues involved" *Wilborn*, 789 F.2d at 1331 (alteration in original) (quoting *Weygandt v. Look*,

718 F.2d 952, 954 (9th Cir. 1983)); *See also Terrell v. Brewer*, 925 F.2d 1015, 1017 (9th Cir. 1991) (holding that neither factor is dispositive and both must be evaluated together).

    A.    **Plaintiff's Ability to Articulate Claims Pro Se**

Plaintiff asks this Court to appoint counsel because "the situation is unfair due to opposing party having counsel where I do not" and he is "unsure of how to proceed and need[s] assistance." *Mot. Appoint Counsel*, Dkt. 33. Despite his uncertainty, however, Plaintiff has exhibited the ability to proceed *pro se* in light of the complexity of the legal issues involved with his § 1983 claims. The legal issues regarding his § 1983 claims are not so complex to justify the extraordinary request for counsel. He has clearly articulated that Dr. Clive acted with deliberate indifference to his serious medical needs, in violation of his Eighth Amendment rights, and has sought relief for that violation pursuant to § 1983. *See Mot. Demand Trial*, Dkt 34. He has also articulated a physical injury that he has tied to the alleged constitutional violation. *See id.* ("Dr. Clive's medical malpractice has caused health issues…"). *Id.*

Further, Plaintiff's obligations at the summary judgment stage are not so complex so as to justify the appointment of counsel. The Court provided Plaintiff with clear notice of his responsibilities using ordinary, understandable language. *Notice to Pro Se Litigants of Summ. J. Rule Requirement* at 1-2, Dkt. 32; *See Rand*, 154 F.3d at 962 (finding notice insufficient for not being "phrased in ordinary, understandable language calculated to apprise an unsophisticated prisoner of his rights and obligations under Rule 56"). Indeed, Plaintiff acknowledged his obligation to respond, and responded in a timely fashion. For

these reasons, the Court finds that Plaintiff understands and can sufficiently articulate the legal elements of this action.

  B. **Plaintiff's Likelihood of Success on the Merits**

Plaintiff has not shown that he is likely to succeed on the merits. Indeed, the Court has determined that Defendant is entitled to summary judgment. Plaintiff has not produced any evidence that Dr. Clive denied, delayed, or intentionally interfered with his medical treatment. *See Hallet* 296 F.3d at 744. Rather, the undisputed facts establish that Dr. Clive did not exhibit deliberate indifference.

Because Plaintiff has clearly articulated his claims, but has no chance of success on the merits, the Court finds that this is not an "extraordinary circumstance" that requires the appointment of counsel. As such, the Court will deny Plaintiff's Motion to Appoint Counsel. Further, because the Court will grant summary judgment to the Defendant, Plaintiff's Motion to Demand Trial is denied as moot.

  3. **Defendant's Motion to Seal**

Defendant filed a motion to seal Exhibits A through O of the Affidavit of Leslie Robertson. *Motion to Seal*, Dkt. 30. The exhibits contain Plaintiff's medical records, which he requested be filed under seal. There is a "strong presumption" in favor of access, and a party seeking to seal judicial materials must identify "compelling reasons" that outweigh the "public interest in understanding the public process." *Kamakana v. City & County of Honolulu*, 447 F.3d 1172, 1178-1180 (9th Cir. 2006). "The need to protect medical privacy qualifies as a 'compelling reason.'" *Abbey v. Hawaii Employers Mut.*

*Ins. Co.*, 2010 WL 4715793, *1 (D. Hawaii 2010). Thus, exhibits attached to dispositive motions that contain "sensitive personal and medical information" may be filed under seal. *See Lombardi v. TriWest Healthcare Alliance Corp.*, 2009 WL 1212170, *1 (D. Ariz. 2009) (allowing defendant to file under seal exhibits containing "sensitive personal and medical information") (citing *Kamakana*, 447 F.3d at 1179). Because the exhibits contain Plaintiff's actual medical records, the Court will therefore grant Defendant's motion to seal.

## ORDER

**IT IS ORDERED:**

1. Defendant's Motion for Summary Judgment (Dkt. 29) is **GRANTED** and Plaintiff's Complaint shall be **DISMISSED** with prejudice. The Court shall enter a separate judgment as required by Rule 58(a).

2. Plaintiff's Motion to Appoint Counsel (Dkt. 33) is **DENIED**.

3. Plaintiff's Motion to Demand Trial (Dkt. 34) is **DENIED** as moot.

4. Defendant's Motion to Seal (Dkt. 30) is **GRANTED**.

DATED: July 27, 2018

_____
B. Lynn Winmill
Chief U.S. District Court Judge